# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re:                                      Case No. 15-58539

Nu-Cast Step & Supply, Inc.,                Chapter 11

               Debtor.                Hon. Lisa S. Gretchko

_____/

## Opinion Denying Motion to Reopen Bankruptcy Case

NuCast, LLC has filed a motion to reopen the Chapter 11 bankruptcy case of

Nu-Cast Step & Supply, Inc. ("Motion to Reopen"). This opinion explains why the

Court denies the Motion to Reopen and exercises its discretion to permissibly

abstain pursuant to 28 U.S.C. § 1334(c)(1).

## Background

Nu-Cast Step & Supply, Inc. (the "Debtor") filed Chapter 11 on December

27, 2015. On May 11, 2016, Chief Bankruptcy Judge Shefferly entered a stipulated

order granting the Debtor's motion to sell substantially all of its assets ("Sale

Order") to Legacy Rochester Hills Site Condominium Development, LLC

("Legacy"). The Sale Order contains the following language ("Retention of

Jurisdiction Provision"):

> 10.     This Court retains jurisdiction to enforce and implement the
> terms and provisions of this Order, and of any agreements executed in
> connection therewith in all respects, including, but not limited to, retaining
> jurisdiction to: (a) resolve any disputes arising under or related to the Sale,

1

except as otherwise provided therein; and (b) interpret, implement and enforce the provisions of this Order.

Shortly after Legacy purchased the Debtor's assets, Legacy transferred them to NuCast, LLC.

After selling substantially all of its assets, the Debtor confirmed a Chapter 11 Plan of Liquidation, and its bankruptcy case was closed in June of 2017.

In November of 2019, NuCast, LLC filed a complaint and jury demand in the Wayne County Circuit Court (the "State Court Complaint") against its competitor, Livonia Pre Cast LLC, and Guilio Ledda, Bruno Ledda and Giuseppe Ciccarelli (collectively, the "Defendants") alleging violations of the Michigan Uniform Trade Secrets Act and the Michigan Consumer Protection Act, misrepresentation, fraud and breach of contract.

The Defendants deny liability. They assert that the Debtor did not own any intellectual property and, consequently, the sale that Judge Shefferly approved did not transfer any intellectual property to Legacy. Therefore, no intellectual property was assigned to NuCast, LLC and its claims alleged in the State Court Complaint must fail.

These issues—whether the Debtor had any intellectual property and, if so, whether the Debtor sold that intellectual property to Legacy (which later transferred it to NuCast, LLC)—are central to the conflict between NuCast, LLC

and the Defendants. The parties disagree on which court should decide these issues.

NuCast, LLC filed the State Court Complaint in the Wayne County Circuit Court. In lieu of an answer, the Defendants filed a motion for summary disposition alleging that the Wayne County Circuit Court lacks subject matter jurisdiction. The Wayne County Circuit Court granted the Defendants' summary disposition motion.

NuCast, LLC appealed to the Michigan Court of Appeals, which affirmed the trial court. On May 13, 2021, the appellate court issued an opinion ("MCOA Opinion") holding that the bankruptcy court has subject matter jurisdiction over the State Court Complaint pursuant to 28 U.S.C. § 157 and the Retention of Jurisdiction Provision in the Sale Order. Nevertheless, the Michigan Court of Appeals stated:

> We understand, however, that we cannot confer jurisdiction on the bankruptcy court. Therefore, we clarify that the trial court's dismissal of plaintiff's action for lack of subject-matter jurisdiction is without prejudice to the plaintiff returning to state court to pursue one or more of its current claims in the event that the bankruptcy court disagrees with our analysis and determines that it does not have jurisdiction over one or more claims.

### Discussion

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the Supreme Court stated that:

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*,475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L. Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4. U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

It is undisputed and beyond question that the bankruptcy court had jurisdiction over the Debtor's bankruptcy case when it entered the Sale Order containing the Retention of Jurisdiction Provision. However, the Debtor's bankruptcy case was closed in June of 2017, the State Court Complaint among non-debtor parties was filed nearly eighteen months later, and NuCast, LLC filed the Motion to Reopen more than four years after the Debtor's bankruptcy case was closed.

This situation raises several questions, including:

1.      Does NuCast, LLC have standing to reopen the Debtor's bankruptcy case?

2.      What is the source of jurisdiction over bankruptcy cases and proceedings? Is it 28 U.S.C. § 1334, or is it 28 U.S.C. § 157?

4

3.      Does the "Retention of Jurisdiction Provision" in the Sale Order

constitute an independent basis for the bankruptcy court's jurisdiction to

adjudicate the claims in the State Court Complaint?

4.      If the bankruptcy court has jurisdiction over the claims raised in the

State Court Complaint, is that jurisdiction exclusive, or does the Wayne

County Circuit Court also have jurisdiction to adjudicate those claims?

5.      If the bankruptcy court has jurisdiction, may it abstain pursuant to 28

U.S.C. § 1334(c)(1) in the absence of a motion to abstain?

This Court will address these issues in sequence.

## 1.      Does NuCast, LLC have standing to reopen the Debtor's bankruptcy case?

F. R. Bankr. P. 5010 governs who may file a motion to reopen and states,

in pertinent part: "A case may be reopened on motion of the debtor or other party

in interest pursuant to § 350(b) of the Code."[1] Section 1109(b) of the Bankruptcy

Code defines a "party in interest" to include the debtor, the trustee, a creditors'

committee, an equity security holders' committee, a creditor, an equity security

holder, or any indenture trustee.

---

[1] Section 350(b) provides that a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." The Motion to Reopen has been filed "for other cause" within the meaning of 11 U.S.C. § 350(b).

NuCast, LLC did not hold any of those positions with respect to the Debtor. However, 11 U.S.C. § 102(3) states that the words "includes" and "including" are not limiting. Consequently, the term "party in interest" is not confined to the list of examples set forth in § 1109(b). *See*, *e.g.*, *In re RnD Eng'g, LLC*, 556 B.R. 303, 311 (Bankr. E.D. Mich. 2016), citing *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 788 (10th Cir. 1993). Although the parties concur that NuCast, LLC has standing to bring the Motion to Reopen, the Court has an independent obligation to analyze the issue.

Courts have found that the phrase "party in interest" in 11 U.S.C. § 1109(b) "invites interpretation and 'is generally understood to include all persons whose pecuniary interests are, directly affected by the bankruptcy proceedings.'" *In re Morton*, 298 B.R. 301, 306 (6th Cir. BAP 2003), citing *In re Alpex Comput. Corp*, 71 F.3d 353, 356 (10th Cir. 1995). In *RnD Eng'g, LLC*, 556 B.R. at 311, Judge Shefferly noted that "parties in interest" include not just creditors but also anyone whose pecuniary interests are directly affected or who has a practical stake in the outcome of a case. The term "party in interest" has also been described as "an expandable concept depending on the particular factual context in which it is applied." *In re Morton*, 298 B.R. at 306, citing *In re Cowan*, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999).

6

Here NuCast, LLC clearly has a pecuniary interest in the claims asserted in the State Court Complaint. NuCast, LLC and its pecuniary interests are directly affected by this Motion to Reopen, which will determine the forum in which its claims will be litigated. As a practical matter, the MCOA Opinion renders NuCast, LLC a "party in interest" for purposes of the Motion to Reopen. Thus, the Court concludes that NuCast, LLC has standing pursuant to F. R. Bankr. P. 5010 to file and pursue the Motion to Reopen.

### 2. The source of jurisdiction over bankruptcy cases and proceedings is 28 U.S.C. § 1334, rather than 28 U.S.C. § 157.

The source of bankruptcy jurisdiction is 28 U.S.C. § 1334.

Section 1334(a) of title 28 states: "Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."

Section 1334(b) of title 28 states, in pertinent part: "… the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Although 28 U.S.C. § 1334 is titled "Bankruptcy cases and proceedings," that statute refers only to "federal district courts" and does not mention bankruptcy courts at all. Section 157 of title 28 (titled "Procedures") does not use the term "bankruptcy court" either, but it does mention bankruptcy judges. In the statutory scheme, 28 U.S.C. § 1334 grants federal district courts jurisdiction over

7

bankruptcy cases and over civil proceedings arising under title 11, or arising in or related to cases under title 11. Section 157 of title 28 then authorizes the federal district courts to "refer" those bankruptcy cases and civil proceedings to the bankruptcy judges for the district. The United States District Court for the Eastern District of Michigan has done that in its local rule, E.D. Mich. LR 83.50—which states, in pertinent part:

> Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

Once a federal district court refers bankruptcy cases and proceedings to the bankruptcy judges within the district, 28 U.S.C. § 157 designates the matters that the bankruptcy judges can "hear and determine" on their own, as opposed to those in which the bankruptcy judge must submit proposed findings of fact and conclusions of law to the federal district court.

The concepts of "jurisdiction" and "authority to hear and determine" are separate ideas. In the MCOA Opinion, the Michigan Court of Appeals focused on only 28 U.S.C. § 157—which describes the authority of bankruptcy courts to "hear and determine" matters that the federal district court has referred to the bankruptcy judges. However, 28 U.S.C § 1334 is the relevant statute to analyze for purposes of

determining whether the bankruptcy court has jurisdiction over a case or civil proceeding.

The meanings of the terms embedded in 28 U.S.C. § 1334 are well established. The term "cases under title 11" as used in 28 U.S.C. § 1334(a) means the bankruptcy petition itself filed pursuant to 11 U.S.C. §§ 301, 302, or 303—i.e., the umbrella under which all of the proceedings that follow the filing of the bankruptcy petition take place. *See*, *e.g.*, *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1140 (6th Cir. 1991). *See also Gupta v. Quincy Medical Ctr.*, 858 F.3d 657 (1st Cir. 2017). As noted above, 28 U.S.C. § 1334(a) gives federal district courts exclusive jurisdiction over cases under title 11.

The term civil proceedings "arising under title 11" means those causes of action created or determined by a statutory provision of title 11 (e.g., preferential transfers under 11 U.S.C. § 547). *See*, *e.g.*, *Wolverine Radio*, 930 F.2d at 1144. *See also Moyer v. Bank of America (In re Rosenberger)*, 400 B.R. 569, 572–73 (Bankr. W.D. Mich. 2008).

The term civil proceedings "arising in" a case under title 11 means proceedings that, by their very nature, could arise only in bankruptcy cases. *See In re Bliss Technologies, Inc. v. HMI Indus., Inc. (In re Bliss Technologies, Inc.)*, 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004) (quoting *Wolverine Radio*, 930 F.2d at

9

1144). These "arising in" proceedings "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *New England Power & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 68 (1st Cir. 2002).

Civil proceedings that are "related to" a case under title 11 might seem to include an expansive universe of jurisdiction but, in reality, they do not. In *Wolverine Radio*, 930 F.2d at 1142, the Sixth Circuit adopted the Third Circuit's statement of "related to" jurisdiction as set forth in *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984):[2]

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. [emphasis in original; citations omitted.]

"Related to" proceedings can include a civil suit between non-debtor third parties if the outcome could conceivably have an effect on the bankruptcy estate. *See*, *e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 309 (1995). In *Wolverine*

---

[2] *Pacor* was overruled in part on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). In *Celotex*, however, the Supreme Court endorsed the Third Circuit's articulation of "related to" jurisdiction set forth in *Pacor*.

*Radio*, 930 F.2d at 1142, the Sixth Circuit cautioned against finding "related to" jurisdiction in situations where there is an extremely tenuous connection to the estate.

When the Debtor filed Chapter 11, 28 U.S.C. § 1334(a) gave the federal district court exclusive jurisdiction over the Debtor's bankruptcy case as a "case under title 11." Pursuant to E.D. Mich. LR 83.50, the federal district court for the Eastern District of Michigan referred the Debtor's bankruptcy case to the bankruptcy judges in the district. The Debtor's Chapter 11 bankruptcy case was assigned to Judge Shefferly. There is no dispute (nor could there be) that Judge Shefferly had exclusive jurisdiction to enter the Sale Order; that exclusive jurisdiction emanated from 28 U.S.C. § 1334(a) because Judge Shefferly presided over the Debtor's bankruptcy case, which was a "case under title 11."

The Motion to Reopen seeks to reopen the Debtor's closed bankruptcy case to adjudicate the claims asserted in the State Court Complaint. The State Court Complaint is a civil proceeding, not a "case under title 11." Consequently, the State Court Complaint does not trigger 28 U.S.C. § 1334(a). Instead, the Motion to Reopen requires an analysis of 28 U.S.C. § 1334(b) to determine whether the federal district court has jurisdiction over the State Court Complaint as a civil proceeding that "arises under" title 11, "arises in" or is "related to" a case under title 11. If so, then the federal district court has original but not exclusive

jurisdiction that has been referred to the bankruptcy judge pursuant to 28 U.S.C.

§ 157(a) and E.D. Mich. LR 83.50.

### (a) No "Arising Under" Jurisdiction

NuCast, LLC's claims against the Defendants arise under Michigan law and are not claims "created" by the Bankruptcy Code. Thus, the claims in the State Court Complaint do not fall within "arising under" jurisdiction for purposes of 28 U.S.C. § 1334(b).

### (b) No "Related To" Jurisdiction

The State Court Complaint does not fall within "related to" jurisdiction under 28 U.S.C. § 1334(b) because, as the parties have admitted, the claims in the State Court Complaint cannot conceivably have an impact on the Debtor's bankruptcy estate which was liquidated and closed more than four years ago.

### (c) "Arising In" Jurisdiction

The parties acknowledge that the real issue in this case is whether the bankruptcy court has "arising in" jurisdiction for purposes of 28 U.S.C. § 1334(b). Some courts have held that "[a] bankruptcy court has 'arising in' jurisdiction to interpret and enforce its own sale and confirmation orders." *In re HNRC Dissolution Co.*, No. 02-14261, 2018 Bankr. LEXIS 1739, at *6 (Bankr. E.D. Ky. June 11, 2018). *See also In re Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016).

12

In *Gupta* however, the First Circuit clarified that in order for "arising in" jurisdiction to exist, the dispute must involve the enforcement or interpretation of a specific provision in the bankruptcy court's order. The First Circuit held that the bankruptcy court did not have "arising in" jurisdiction when the parties were engaged in a dispute over the terms of an asset purchase agreement documenting a sale that was approved by an order of the bankruptcy court. *Id*. at 665. In *Gupta*, the state law contract disputes between the parties were not dependent on any enforcement or interpretation of the bankruptcy court's order approving the sale but, instead, were claims that "would only need [a court] to perform a state law breach of contract analysis." *Id*. The First Circuit noted that the parties could not point to a single provision of the sale order that they disputed. *Id*. In rejecting the notion that this situation created "arising in" jurisdiction, the First Circuit stated:

> Appellants' argument misses the mark, however, because the bankruptcy court's mere approval of Debtors' sale of assets to Steward did not automatically create jurisdiction over all future contract disputes somehow related to the APA.

*Id*.

NuCast, LLC asserts that *Gupta* is distinguishable from the instant case because *Gupta* involved interpretation of an asset purchase agreement. The instant case, however, involves interpretation of the Sale Order itself, because no asset purchase agreement exists. NuCast, LLC contends that *Middlesex* is more

13

applicable to the facts of this case because in *Middlesex* there was no asset purchase agreement for the court to interpret. The issue in *Middlesex* was whether the bankruptcy court's sale order could be enforced (via contempt order and a stay) to block foreclosure of state tax liens on land purchased in a "free and clear" sale that the bankruptcy court had approved in a sale order. On those facts, the bankruptcy court in *Middlesex* found that it had non-exclusive jurisdiction pursuant to 28 U.S.C. § 1334(b) and then invoked its discretion to permissibly abstain pursuant to 28 U.S.C. § 1334(c)(1).

The parties (and the Michigan Court of Appeals) assert that the claims in the State Court Complaint depend on an interpretation of the Sale Order. Because no asset purchase agreement exists in this case and the parties dispute the facts surrounding a particular provision in the Sale Order, this case more closely resembles *Middlesex*, rather than *Gupta*. Consequently, consistent with *Middlesex*, this Court concludes that it has "arising in" jurisdiction.

### 3. Does the "Retention of Jurisdiction Provision" in the Sale Order constitute an independent basis for the bankruptcy court's jurisdiction to adjudicate the claims in the State Court Complaint?

The Defendants (and the Michigan Court of Appeals) assert that the Retention of Jurisdiction Provision confers subject matter jurisdiction on this Court. However, that is inaccurate.

14

For decades, "retention of jurisdiction" provisions have been inserted into sale orders and plan confirmation orders entered by bankruptcy courts around the country. If those provisions were taken literally, then bankruptcy courts would have incredibly broad-sweeping jurisdiction over every post-sale (or post-confirmation) litigation—but that is not the case. As the Supreme Court emphasized in *Celotex Corp. v. Edwards*, "[t]he jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." 514 U.S. at 307.

In *Gupta*, the First Circuit held that "retention of jurisdiction" provisions do not trump 28 U.S.C. § 1334. The First Circuit stated:

> Bankruptcy courts—like all federal courts—may retain jurisdiction to interpret and enforce their prior orders. See Travelers Indem. Co., v. Bailey, 557 U.S. 137, 151 (2009) (Souter, J.) (noting that bankruptcy courts "plainly ha[ve] jurisdiction to interpret and enforce … prior orders"). However, a bankruptcy court may not "retain" jurisdiction it never had—i.e. over matters that do not fall with §1334's statutory grant. See Celotex, 514 U.S. at 307, 115 S.Ct. 1493. A retention of jurisdiction provision may not alter the fact that "the source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." U.S. Brass Corp. v. Travelers, Ins. Group (In re U.S. Brass Corp.), 301 F.3d 296, 303 (5th Cir. 2002).

> Hence, despite the routine inclusion of retention-of-jurisdiction provisions in Chapter 11 plans, see Collier ¶ 1123.02, they may be given effect only if there is jurisdiction under 28 U.S.C. §1334. See … Zerand-Bernal Group, Inc. v. Cox., 23 F.3d 159, 164 (7th Cir. 1994) ("[O]rders approving [a] bankruptcy sale [or]…plan of reorganization

… [cannot] confer jurisdiction. A court cannot write its own jurisdictional ticket").

*Gupta*, 858 F.3d at 663–64.

This Court agrees with the foregoing analysis and concludes that the Retention of Jurisdiction Provision in the Sale Order does not provide an independent basis for bankruptcy court subject matter jurisdiction over the claims in the State Court Complaint. Simply stated, bankruptcy court jurisdiction is governed by 28 U.S.C. § 1334.

### 4. Is the bankruptcy court's "arising in" jurisdiction over the claims raised in the State Court Complaint exclusive, or does the Wayne County Circuit Court also have jurisdiction to adjudicate those claims?

During oral argument on October 27, 2021, the Defendants' counsel argued that because the bankruptcy court entered the Sale Order, it has exclusive jurisdiction to adjudicate the claims in the State Court Complaint. The Defendants are mistaken.

In support of their position, the Defendants rely on *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 881 (11th Cir. 1989); *US v. ASCAP*, 32 F.3d 727, 732 (2nd Cir. 1994); *Flanagan v. Arnaiz*, 143 F.3d 540, 543 (9th Cir. 1998); *Petoskey Inv. Grp., LLC v. Bear Creek Twp.*, No. 5:03-cv-14, 2005 US Dist LEXIS 49844, at *16–22 (W.D. Mich. July 27, 2005). These cases are inapposite. None of them address the jurisdiction of a bankruptcy court which, as discussed above, is limited

16

by virtue of 28 U.S.C. § 1334. Instead, these cases consider the jurisdiction of an Article III federal district court or a state trial court.

This is a critical distinction because bankruptcy court jurisdiction under 28 U.S.C. § 1334(b) is statutorily non-exclusive. In the four cases that the Defendants cite, parties attempted to seek relief in a different state or federal court after the original court had entered a judgment or order. In *Petoskey Inv. Grp*, the plaintiff filed a complaint in federal court for claims that arose as a result of conduct following the entry of a consent judgment in state court. In the other three cases, the moving parties attempted to seek relief in state courts after a federal court had entered a final order approving a settlement agreement in a class action, a consent judgment, or an order limiting discovery to a particular issue in federal court. In all four of those cases, the court that originally entered the judgment or order had an interest in enforcing its own orders or was best positioned to interpret them. The "exclusivity" of that retained jurisdiction was implied, not explicit. This exclusivity was implied because "it would make no sense for the [federal] district court to retain jurisdiction to interpret and apply its own judgment to the future conduct contemplated by the judgment, yet have a state court construing what the federal court meant in the judgment." *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998).

The instant case is different because the bankruptcy court's jurisdiction over the claims in the State Court Complaint is statutorily non-exclusive as it emanates from 28 U.S.C. § 1334(b).

The fact that Judge Shefferly had exclusive jurisdiction over the Debtor's bankruptcy case does not mean that this Court has exclusive jurisdiction over the claims in the State Court Complaint. Judge Shefferly's exclusive jurisdiction over the Debtor's bankruptcy case emanated from 28 U.S.C. § 1334(a) because he presided over the Debtor's entire bankruptcy case—which was a "case under title 11" within the meaning of 28 U.S.C. § 1334(a) over which the federal district court had exclusive jurisdiction (which it referred to Judge Shefferly by operation of E.D. Mich. LR 83.50).

But the Debtor's bankruptcy case was closed more than four years ago. The "arising in" jurisdiction that this bankruptcy court has over the claims in the State Court Complaint is explicitly non-exclusive according to 28 U.S.C. § 1334(b).

Also, the reasoning in those four cases cited by the Defendants demonstrates that the situation in the instant case is different. Those four cited cases involved a judgment or order in which future conduct was contemplated by or required of the parties. Here, the Sale Order approved a sale that was consummated in 2016 within a bankruptcy case that was closed in 2017. The parties now dispute the meaning of a provision in the Sale Order—a stipulated order that Judge Shefferly signed and

entered in May of 2016. Counsel for the Debtor, counsel for Legacy and others stipulated to the Sale Order and presented it to Judge Shefferly for entry; the Sale Order was not the product of an evidentiary hearing. There is no future conduct contemplated in or required by the Sale Order that the parties seek to have this Court enforce or interpret. Accordingly, this Court is not in any better position than the state court to interpret the factual issue of which assets were included in the sale.

Even though this Court has "arising in" jurisdiction over the claims in the State Court Complaint, pursuant to 28 U.S.C. § 1334(b) that jurisdiction is not exclusive, and the Wayne County Circuit Court also has jurisdiction to adjudicate the claims in the State Court Complaint.

### 5. May the bankruptcy court abstain pursuant to 28 U.S.C. § 1334(c)(1) in the absence of a motion to abstain?

NuCast, LLC's brief argues that abstention may be appropriate. The Defendants' Response Brief Regarding Subject Matter Jurisdiction (ECF No. 138) noted that no motion for abstention had been filed with the bankruptcy court. However, the lack of a motion for abstention does not impair the Court's ability to permissively abstain, and the Court may do so *sua sponte. See*, *e.g.*, *In re McAllister*, No. 16-57053, 2017 WL 9963364, at *1 (Bankr. E.D. Mich. March 20, 2017), citing *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011).

Pursuant to 28 U.S.C. § 1334(c)(1) (and E.D. Mich. 83.50), bankruptcy courts have broad discretion to permissively abstain from exercising jurisdiction as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

*See*, *e.g.*, *Middlesex*, 292 F.3d at 69.

Other bankruptcy courts within the Sixth Circuit have considered several non-exclusive factors in determining whether to permissively abstain:

1.     The effect or lack of effect on the efficient administration of the estate if a court abstains;

2.     The extent to which state law issues predominate over bankruptcy issues;

3.     The difficulty or unsettled nature of the applicable state law;

4.     The presence of a related proceeding commenced in state court or other non-bankruptcy court;

5.     The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6.     The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7.     The substance rather than form of an asserted "core" proceeding;

8.     The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9.     The burden of this court's docket;

10.     The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11.     The existence of a right to a jury trial;

12.     The presence in the proceeding of non-debtor parties; and

13.     Any unusual or other significant factors.

*In re Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *In re Underwood*, 299 B.R. 471, 476 (Bankr. S.D. Ohio 2003); *In re Kmart Corp.*, 307 B.R. 586, 596–97 (Bankr. E.D. Mich. 2004); *In re Lewiston*, 521 B.R. 811, 824 (Bankr. E.D. Mich. 2014).

The instant situation presents many of the factors that support permissive abstention. The Debtor's bankruptcy case closed more than four years ago, so the State Court Complaint will have no effect on the administration of the Debtor's bankruptcy estate. State law indisputably predominates over bankruptcy law, because the claims in the State Court Complaint are based on Michigan statutes and common law, rather than any provision of the Bankruptcy Code. The only potential basis for jurisdiction in this Court is 28 U.S.C. § 1334(b). The State Court

Complaint is a dispute between non-debtor parties and is unrelated to, and remote from, the Debtor's long-closed bankruptcy estate. NuCast, LLC filed a jury demand with its State Court Complaint. Although an interpretation of the Sale Order (signed by Judge Shefferly) constitutes a "connection" between the bankruptcy case and the claims in the State Court Complaint, Judge Shefferly has retired. Consequently, his experience with the Debtor's bankruptcy case is no longer available.

For the foregoing reasons, this Court exercises its discretion to permissively abstain pursuant to 28 U.S.C. § 1334(c)(1).

The Court will enter a separate Order denying NuCast, LLC's Motion to Reopen.

Signed on November 17, 2021



/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**